JAMES C. DUNKEL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dunkel v. Commissioner
Docket No. 11875-89
United States Tax Court
T.C. Memo 1991-336; 1991 Tax Ct. Memo LEXIS 387; 62 T.C.M. (CCH) 208; T.C.M. (RIA) 91336; July 22, 1991, Filed *387 Decision will be entered for the respondent. James C. Dunkel, pro se.
Lauren W. Gore,for the respondent. HAMBLEN, Judge. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined a deficiency and additions to tax in James C. Dunkel's (hereinafter petitioner) 1985 Federal income tax as follows: Additions to Tax under Sections [1]
Year
Deficiency
6653(a)(1)
6653(a)(2)
6661
1985
$ 16,877
$ 843.90
50% of the
$ 4,219.50
interest due
on $ 16,877
After concessions by petitioner, [2] the issues to be decided are: (1) Whether petitioner's involvement in classic car automobile racing during the taxable year 1985 was an activity engaged in for profit; (2) whether petitioner is entitled to the Schedule C expenses he claimed for the taxable year 1985; (3) whether *388 petitioner is liable for an addition to tax under section 6653(a)(1) and (2) for negligence for the taxable year 1985; and (4) whether petitioner is liable for an addition to tax under section 6661 for substantially understating his income tax for the taxable year 1985. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in Rockford, Illinois, at the time the petition in this case was filed. Petitioner filed a U.S. Federal individual income tax return for the taxable year 1985. Petitioner earned his M.S. and D.D.S. degrees from Northwestern University. During the taxable year in issue, petitioner was self-employed as *389 a dentist in Rockford. He has been a dentist in Rockford since 1964. During 1984 and 1985, petitioner devoted approximately 32 hours per week to his dental practice. His office was open 3-1/2 days a week. For the taxable year at issue, petitioner earned gross receipts of $ 221,210.66 from his practice of dentistry. Between 1971 and 1975, petitioner raced Indianapolis 500-type formula racing cars. Petitioner was unable to make a profit from racing during any of these years. Due to injuries sustained by petitioner in an accident, petitioner was forced to quit racing in 1975. Between 1975 and 1981, petitioner was involved in the restoration of antique automobiles. He personally owned several antique automobiles, including two 1929 Nashes, a 1966 Jaguar XKE Roadster, a 1966 Lincoln, and a 1967 Lincoln. During the taxable year 1985, petitioner entered the Great American Race (hereinafter the Race or the 1985 Race). The Race, sponsored by Interstate Battery Systems of America, is a cross-country event for older vintage automobiles, motorcycles, and trucks. The Race was run between Los Angeles, California, and New York, New York. The Race stressed driving and navigational skills *390 rather than top speed. Petitioner had never participated in any other vintage automobile race prior to the 1985 Race and has not participated in any vintage automobile races subsequent to the 1985 Race. The prize categories for the Race were as follows: Grand prize
$ 100,000
2d prize
35,000
3d prize
20,000
4th prize
12,500
5th prize
7,500
6th-10th prize
5,000
11th-20th prize
1,000
Oldest finishing vehicle
25,000
2d oldest finisher
10,000
3d oldest finisher
5,000
Petitioner paid a $ 5,000 entry fee to participate in the Race. To cover the entry fee, the cost of restoring the 1927 Nash driven in the Race, and the costs to prepare for and compete in the Race, petitioner received sponsorship money from local individuals and businesses. Petitioner received $ 25,000 in sponsorship money in 1984 and an additional $ 10,000 in sponsorship money in 1985. Petitioner entered into various sponsorship agreements to divide up any prize money won from the Race. Petitioner agreed to give 60 percent of any prize money to his sponsors. In addition, petitioner agreed to split the remaining 40 percent with John Kleber, petitioner's partner in the Race venture. Finally, petitioner *391 agreed to pay his ex-wife, Mary Dunkel, half of his share of the remaining prize money. Prior to the Race, petitioner had never driven a vintage automobile in any other race. Further, petitioner had never driven a vintage automobile over 200 miles at any one time. Instead, petitioner was involved in driving his vintage automobiles in local parades and for leisure throughout the local community. Petitioner supported his activities related to the Race with $ 27,000 of his own funds. Petitioner maintained a checking account in the name of "The Dunkel Great Race Team" at the American National Bank and Trust Co. in Rockford, Illinois. Petitioner and Mr. Kleber were signatories on the account. Other than the checking account, petitioner did not maintain separate books and records for The Dunkel Great Race Team. Petitioner did not maintain a log or journal of expenses prior to the Race and did not prepare any written accounting for Race related expenses, as required in a sponsorship agreement. Further, petitioner did not prepare any documentation relating to the restoration costs of the 1927 Nash. Petitioner competed in the Race and finished 21st out of 97 entries. He received *392 no prize money for finishing in 21st place. Petitioner reported on his Schedule C 1985 Federal income tax return gross receipts from the "Great American Race Team" in the amount of $ 36,812.94 and deductions in the amount of $ 65,102.57. On Schedule C of his 1985 Federal income tax return, petitioner also reported gross receipts in the amount of $ 221,210.66 and total deductions from his dental practice in the amount of $ 153,229.32. Respondent disallowed $ 5,201.45 of deductions petitioner claimed for legal and professional services and disallowed $ 10,191.80 of deductions petitioner claimed for office expenses. On brief, respondent conceded that petitioner is entitled to a deduction for dental office expenses in the lesser amount of $ 4,990.28 and is entitled to a deduction for legal and professional fees in the lesser amount of $ 1,856.80. The amount of tax shown on petitioner's Federal income tax return for the taxable year 1985 was $ 8,692.72. The amount of tax required, pursuant to respondent's deficiency determination, to be shown on petitioner's 1985 Federal income tax return was $ 37,623. OPINION Respondent determined that petitioner's activity regarding the Race *393 was not an activity entered into by him with the objective to make a profit. Respondent relies on section 183 and section 1.183-2(b), Income Tax Regs., as well as the specific facts of this case in making his determination. Respondent further determined that petitioner was not entitled to the full Schedule C deductions petitioner claimed for legal and professional services as well as office expenses. Finally, respondent determined that petitioner is liable for the additions to tax for negligence under section 6653(a)(1) and (2) and for the addition to tax under section 6661 for substantially understating the income tax owed for the taxable year 1985. Petitioner contends that he took part in the activities surrounding the Race in hope of making a profit by winning the $ 100,000 grand prize. On brief, petitioner makes a bare-boned contention that all his deductions should be "reviewed" and allowed. Petitioner also contends that he did not act negligently and should not be found to have acted in a negligent manner. ISSUE 1 Entered Into For Profit
Section 183 generally provides that no deduction shall be allowed for an activity that is not engaged in for profit. Section 183(b) *394 allays this general rule by providing that in the case of an activity not engaged in for profit, there shall be allowed (1) The deduction which would be allowable under this chapter for the taxable year without regard to whether or not such activity is engaged in for profit and (2) a deduction equal to the amount of the deductions which should be allowable under this chapter for the taxable year only if such activity was engaged in for profit, but only to the extent that the gross income derived from such activity for the taxable year exceeds the deductions allowable by reason of paragraph 1 above. Section 1.183-2(a), Income Tax Regs., sets forth that a deduction will not be allowed for expenses related to activities which are carried on primarily for sport, hobby, or recreation. The determinations made by respondent in his notice of deficiency are presumed correct. The burden is on petitioner to show that respondent's determinations are wrong. Rule 142(a). Therefore, petitioner has the burden of proof to establish that he has an actual and honest profit objective. Welch v. Helvering, 290 U.S. 111, 78 L. Ed. 212, 54 S. Ct. 8 (1933); Surloff v. Commissioner, 81 T.C. 210, 233 (1983). *395 Whether an activity is engaged in for profit or not is a question of fact and must be made by reference to objective standards, such as the facts and circumstances of each individual case. Takahashi v. Commissioner, 87 T.C. 126, 133 (1986); sec. 1.183-2(a), Income Tax Regs. The facts in the particular case must establish that petitioner entered into an activity, or continued in it, with the actual and honest objective of making a profit. Sec. 1.183-2(a), Income Tax Regs. Greater weight must be given to the facts and circumstances surrounding a case rather than to petitioner's own self serving statements. Schirmer v. Commissioner, 89 T.C. 277 (1987). Section 1.183-2(b), Income Tax Regs., sets forth numerous relevant factors to consider in determining whether an activity is engaged in for profit. They include: (1) The manner in which the taxpayer carries on the activity; (2) the expertise of the taxpayer; (3) the time and effort expended by the taxpayer on the activity; (4) the expectation of asset appreciation; (5) the success of the taxpayer in related activities; (6) the taxpayer's history of income and losses in the activity; (7) the *396 occasional profits earned by the taxpayer in the activity; (8) the financial status of the taxpayer; and (9) the amount of personal pleasure and recreation the activity gives the taxpayer. Notwithstanding petitioner's self-serving contention to the contrary, the facts clearly establish that petitioner did not enter into the Race activities with the objective of making a profit. First, petitioner testified that 60 percent of any winnings would go to the sponsor, 20 percent would go to his partner, and 10 percent would go to his ex-wife. Therefore, petitioner could not have received more than 10 percent of any prize won by competing in the Race. Since the top prize was $ 100,000, petitioner could not have received more than $ 10,000 at best. However, petitioner testified that he contributed $ 27,000 of his own personal funds to support his activities related to the Race. We find it incredible that a person who insists he has a profit objective would contribute almost three times as much money to an activity than the activity can produce if all goes according to plan. Second, the manner in which petitioner carried on his Race activities indicates that he did not possess the requisite *397 profit objective. While petitioner did maintain a checking account in the name of The Dunkel Great Race Team, he did not maintain any other business records which would normally be kept in a true business venture. Petitioner did not maintain books and records relating to preparation and participation expenses for the Race even though he agreed to do so for the sponsors. Further, petitioner prepared no estimates or projections of what the costs to prepare and compete in the Race would be. We find that the manner in which petitioner carried on his Race activities is contrary to his assertion that he had a profit objective. Third, petitioner testified that he never made a profit when he was racing Indianapolis 500-type formula cars in the early and mid-1970s. His lack of success in carrying on his other racing activities supports respondent's determination that petitioner participated in the activities as a hobby or for recreation, not profit. See sec. 1.183-2(b)(6), Income Tax Regs.
Fourth, petitioner brought forth no proof of when or if the Race activities would ever generate a profit. Failure to introduce any credible evidence as to the possible profit of an activity is a *398 failure to prove the activity was entered into for profit. See Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158, 1165 (1946), affd. 162 F.2d 513 (10th Cir. 1947). Finally, petitioner had absolutely no expertise in preparing for and participating in vintage automobile races. Petitioner admitted that he never raced in a vintage automobile before or after the Race. Petitioner further admitted that he had never driven a vintage automobile more than a "couple of hundred miles" at any one time. We find petitioner's interest in competing in the Race to be purely recreational. Therefore, based on the facts presented in this case, we find that petitioner did not possess the requisite objective to make a profit. Accordingly, we find for respondent on the issue of whether petitioner was engaged in the Race activities with the objective of making a profit. We find he was not. ISSUE 2 Schedule C Deductions
Respondent disallowed petitioner's claimed Schedule C deductions in the amount of $ 10,191.80 for office expenses and $ 5,201.45 for legal and professional services. Subsequently, respondent allowed $ 4,990.28 of the office expenses *399 and $ 1,856.80 of the legal and professional fees. Respondent maintains that petitioner is not entitled to the remaining balance of deductions. Petitioner, on brief, merely requests that this Court review the expenses and allow them. Again, the determinations made by respondent in his notice of deficiency are presumed correct. The burden is on petitioner to show that respondent's determinations are wrong. Rule 142(a). Petitioner bears the burden of proof to show that he is entitled to deductions greater than those allowed by respondent. Welch v. Helvering, supra; Rule 142(a). This burden of proof includes establishing both the right to and the amount of the deduction. Commissioner v. National Alfalfa Dehydrating & Milling Co.., 417 U.S. 134, 40 L. Ed. 2d 717, 94 S. Ct. 2129 (1974); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 78 L. Ed. 1348, 54 S. Ct. 788 (1934). Petitioner's brief is exactly that. Petitioner provides this Court with absolutely no documentation or substantiation supporting his assertion that the amounts in question are deductible. Therefore, we give petitioner's brief the weight it merits. Petitioner fails to allege or produce any facts that tend to *400 show that respondent's determination was incorrect. Instead, petitioner attempts to argue that the deductions are reasonable and, as such, should be allowed. Since petitioner has not submitted any substantiation as to his right to the deductions and since he has not submitted any substantiation as to the amount of any such deductions, petitioner has not met his burden of proof. Welch v. Helvering, supra; Rule 142. Consequently, petitioner is not entitled to any claimed Schedule C deductions in excess of what respondent has already allowed. ISSUE 3 Additions To Tax For Negligence
Respondent determined that petitioner is liable for the additions to tax under section 6653(a)(1) and (2) for negligence for the taxable year 1985. In support of respondent's determination, respondent points out that petitioner failed to maintain adequate books and records of the activities related to the Race and failed to maintain records sufficient to substantiate his claimed Schedule C deductions for the taxable year 1985. Petitioner asserts that he conducted all matters in 1985 in a businesslike fashion and, therefore, should not be found negligent. To support his *401 assertion, petitioner argues that if he did have a predisposition to avoid paying income taxes in 1985, he simply would not have filed at all. Section 6653(a)(1) provides for an addition to tax equal to 5 percent of the total underpayment if any part of the underpayment is due to negligence or intentional disregard of rules and regulations. Section 6653(a)(2) provides for an addition to tax equal to 50 percent of the statutory interest due on the portion of the underpayment attributable to negligence. Negligence is defined as a failure to exercise the due care that a reasonable and ordinarily prudent person would exercise under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioner is required to maintain adequate books and records to support the Federal income tax return he files. Sec. 6001. Petitioner bears the burden of proving that the underpayment determined by respondent was not due to negligence or intentional disregard of the rules and regulations. Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972); Enoch v. Commissioner, 57 T.C. 781, 802-803 (1972); Rule 142(a). Petitioner admits that *402 he maintained no business records in his activities related to the Race in 1985. Further, the facts indicate that petitioner claimed deductions for which he had no substantiation. This failure by petitioner to maintain adequate books and records to support his filed 1985 Federal income tax return in and of itself is enough to warrant a finding of negligence. See sec. 6001. Notwithstanding petitioner's failure to maintain adequate books and records, petitioner failed to produce any evidence to show that the additions to tax were improper. Instead, petitioner relies solely on his bald assertion that he acted "businesslike." This assertion, without more, is certainly not enough to meet petitioner's burden of proof. Further, we find that petitioner did not act "businesslike." Petitioner's contention that if he had a predisposition to avoid paying income taxes in 1985 he simply would not have filed is not well taken. The fact that a taxpayer did not act fraudulently in a taxable year is of absolutely no value in determining whether the taxpayer acted negligently. Therefore, based on the above, we find that petitioner is liable for the additions to tax under section 6653(a)(1) and *403 (2), as determined by respondent, for the taxable year 1985. ISSUE 4 Substantial Understatement Of Income Tax
Respondent determined that petitioner's understatement of income taxes resulted in a substantial understatement under section 6661. Respondent contends that petitioner substantially understated his income taxes by claiming deductions for activities in which he had no profit objective and by claiming deductions for which he had no substantiation. Section 6661 provides for a 25-percent addition to tax if there is a substantial understatement of income tax in the year at issue. In determining if an understatement is substantial, section 6661(b)(2)(B)(ii) provides for a reduction of the understatement where there is, or was, substantial authority for petitioner's treatment. Taking into account the above limitation, an understatement is substantial if it exceeds the greater of $ 5,000 or 10 percent of the tax required to be shown for the taxable year. In the case before us, we have already found that petitioner understated his Federal income tax for the taxable year 1985 by overstating his deductions. The only questions that remain are whether petitioner had substantial *404 authority for his treatment of his 1985 Federal income taxes and whether that portion of the understatement for which he had no substantial authority is substantial. Petitioner, again, has brought forth absolutely no credible evidence to refute respondent's determination that petitioner is subject to the section 6661 addition to tax. Further, petitioner produced no credible evidence to show that he relied on substantial authority in calculating the Federal income tax he owed for 1985. Therefore, only a mathematical computation is needed to determine if petitioner is subject to the section 6661 addition to tax. The facts indicate that the amount of tax shown on the return, as previously adjusted, for the taxable year 1985 was $ 8,692.72. The amount of tax required to be shown, pursuant to respondent's determination, was $ 37,623. Consequently, an understatement of $ 28,930.28 exists. This $ 28,930.28 exceeds the greater of $ 5,000 or 10 percent of the tax required to be shown for the taxable year ($ 37,623). Based on the above, we find that petitioner is subject to the addition to tax under section 6661 for substantially understating the income tax owing for the taxable year *405 1985. Conclusion
We find that petitioner engaged in the activities related to the Race for recreational purposes. We also find that the facts establish that petitioner had no profit objective in his Race activities. If he had, he would never have contributed $ 27,000 of his personal funds to a venture that would, at best, return only $ 10,000 to him. We further find that petitioner failed to substantiate his claimed Schedule C deductions for office expenses and legal and professional services for the taxable year 1985. Accordingly, petitioner failed to meet his burden of proof in establishing his right to, and the amount of, the claimed deductions. Therefore, petitioner is not entitled to any Schedule C deductions above what respondent has already allowed. Based on petitioner's failure to maintain adequate books and records and based on petitioner's inability to substantiate his reported Schedule C deductions, we find petitioner is subject to the additions to tax for negligence under section 6653(a)(1) and (2) for the taxable year 1985. Further, we find that petitioner's understatement of income tax for the year at issue was substantial under section 6661. Petitioner *406 is therefore subject to the addition to tax under section 6661. We have reviewed petitioner's other arguments and find them wholly unpersuasive and without merit. To reflect the foregoing, Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner concedes that he is not entitled to claim dependency exemptions for his sons Curtis and Christopher for the taxable year at issue. Petitioner also concedes that he is not entitled to claim head of household status for the taxable year at issue.↩